### B. GOLDSMITH, APPELLANT, *v.* A. H. BROWN, STATE TREASURER, RESPONDENT.

ACT OF 1874, RELATING TO LOCK BONDS, UNCONSTITUTIONAL.—The act to authorize the State treasurer to convert currency funds into coin in certain cases, and also to pay off the Lock bonds, approved October 26, 1874, is unconstitutional, for the reason that it impairs the obligation of the contract, entered into between the State and the Willamette Lock and Canal Company by act of the Legislative Assembly, approved October 21, 1870.

APPEAL from Marion County.

The facts are stated in the opinion of the Court.

*W. H. Effinger*, for Appellant.

By the Court, McARTHUR, J.:

This case turns upon the construction of an act of the Legislative Assembly of this State, entitled "An Act to appropriate funds for the construction of a steamboat canal at the Willamette Falls, approved October 21, 1870. As between the State of Oregon and the Willamette Falls Canal and Lock Company, the said act is a contract, and the rights of the parties are to be determined by a proper construction of that contract. By said act, the State pledged its faith that upon the completion of the canal and locks at the Willamette Falls, in the manner set forth therein, it would issue certain bonds, establish a fund out of which those bonds should be paid in ten years, or sooner, and that the funds should be so administered as to make them available at the earliest period for the payment of the said bonds. In pursuance of the provisions of the said contract, the Willamette Falls Canal and Lock Company performed and discharged all the obligations resting upon it. From time to time the fund, out of which payment of the aforesaid bonds was agreed to be made, has been increasing, until there is now on hand forty or fifty thousand dollars. Payment is withheld, and the State treasurer refuses to pay the said bonds in any other manner than that prescribed by an act of the Legislative Assembly, entitled "An Act to authorize the state treasurer to convert currency funds into coin in certain cases, and also to pay off the Lock bonds," approved October 20, 1874. By this act, the treasurer is directed to accept bids from the holders of said bonds for their redemption, but in no case to pay more than ninety-five per cent. of the par value thereof; and, in case no bids for the redemption of said bonds are made, then he is authorized and directed to loan out the fund in the same manner in which the school fund is loaned.

The act of 1870 is a contract, and the act of 1874, in our opinion, seriously impairs the obligations of that contract.

The Constitution prohibits the passage of laws impairing the obligations of contracts; and the clear and comprehensive views of the Supreme Court of the United States, in the *Dartmouth College Case* (4 Wharton, 518), affords the best and safest guide in all cases in which that provision of the fundamental law is an element. Applying the principles of that case to the one in hand, we can reach no other conclusion than that the act of 1874 is unconstitutional.

Under the act of 1870, the faith of the State was pledged that the funds should be so managed as to make them available for the payment of the bonds in question at the earliest period; and we think the evident meaning of that act is, that the bonds be discharged as fast as there is money in the treasury available for discharging them. We, therefore, think that a writ of mandamus should issue commanding the treasurer to pay said bonds.

Decree reversed.